IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                                  |   |                 |
|----------------------------------|---|-----------------|
| LUCRETIA DANIEL,                 |   |                 |
|     Plaintiff, |   |                 |
| vs.                              |   | No. 07-2554-B/V |
| DEPARTMENT OF VETERANS AFFAIRS, et al., |   |        |
|     Defendants. |   |               |

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO PAY THE CIVIL FILING FEE

---

On August 27, 2007, Plaintiff Lucretia Daniel filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. The Court issued an order on October 17, 2007 directing Plaintiff, within thirty (30) days, to file a properly completed in forma pauperis affidavit or pay the civil filing fee. Plaintiff's response was due in the Clerk's office by the close of business on November 19, 2007. On November 20, 2007, the Clerk received an untimely affidavit, which was docketed on that date.[1] Plaintiff did not file the nonprisoner in forma pauperis used in this district, and the affidavit filed is not an acceptable substitute because it does not contain sufficient

---

[1] The Court notes that the affidavit was signed on November 17, 2007, 31 days after entry of the order.

information to permit the Court to assess whether Plaintiff is unable to pay the civil filing fee or to provide security therefor. In addition, while Plaintiff did clarify the amount of her monthly earnings, she has not disclosed how she is able to pay her mortgage of $1736 with the monthly earnings disclosed in the original affidavit.[2]

As Plaintiff has not satisfied her burden of demonstrating that she is unable to pay the civil filing fee or to give security therefor, the motion to proceed in forma pauperis is DENIED. Plaintiff is ORDERED to pay the $350 civil filing fee within forty-five (45) days of the date of entry of this order. Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 27th day of November, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] The October 17, 2007 order stated, in pertinent part, that "[i]f Plaintiff relies on the income of another person, that fact must be disclosed in the affidavit." 10/17/07 Order at 3.