IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LUCRETIA DANIEL,

   Plaintiff,

vs.          No. 07-2554-B/V

DEPARTMENT OF VETERANS AFFAIRS,
et al.,

   Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION
AND
FINAL ORDER DIRECTING PLAINTIFF TO PAY THE CIVIL FILING FEE

---

On August 27, 2007, Plaintiff Lucretia Daniel filed a pro
se complaint pursuant to Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e et seq., accompanied by a motion seeking leave to
proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The
Court issued an order on October 17, 2007 directing Plaintiff,
within thirty (30) days, to file a properly completed in forma
pauperis affidavit or pay the civil filing fee. (D.E. 3.) That
order stated, in pertinent part, that "[t]he affidavit must be
sworn to under penalty of perjury." (Id. at 3.)

Plaintiff's response was due in the Clerk's office by the
close of business on November 19, 2007. On November 20, 2007, the
Clerk received an untimely affidavit, which was docketed on that
date. (D.E. 4.) Plaintiff did not file the nonprisoner in forma
pauperis used in this district, and the affidavit filed was not an

acceptable substitute because it did not contain sufficient information to permit the Court to assess whether Plaintiff is unable to pay the civil filing fee or to provide security therefor. In particular, while Plaintiff did clarify the amount of her monthly earnings, she did not disclose how she is able to pay her mortgage of $1736 with the monthly earnings disclosed in the original affidavit.[1] Therefore, the Court issued an order on November 27, 2007 denying leave to proceed in forma pauperis and directing Plaintiff to pay the civil filing fee within forty-five (45) days. (D.E. 5.) The order further advised Plaintiff that "[f]ailure timely to comply with this order will result in dismissals of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (Id. at 2.)

Plaintiff did not timely pay the civil filing fee. Three days prior to the expiration of the time set for compliance, Plaintiff filed a motion for reconsideration. (D.E. 6.) That motion, which is not sworn to under penalty of perjury, asserts that the Chapter 13 Bankruptcy Trustee deducts $1005.00 from Plaintiff's earnings every two weeks. (Id. at 1, 4.) Thus, the money that was reflected as child support on a pay stub Plaintiff previously submitted (D.E. 4 at 3) is, in fact, a payment to the bankruptcy trustee. That money is applied to pay Plaintiff's mortgage and various other creditors (D.E. 6 at 4).

---

[1] The October 17, 2007 order stated, in pertinent part, that "[i]f Plaintiff relies on the income of another person, that fact must be disclosed in the affidavit." (D.E. 3 at 3.)

The additional documents submitted by Plaintiff are both untimely and insufficient to establish that Plaintiff is unable to pay the civil filing fee. To date, Plaintiff has not submitted an in forma pauperis affidavit, sworn to under penalty of perjury, that clearly sets forth the expenses Plaintiff must pay out of her remaining pay. Moreover, the Court is unable to afford Plaintiff additional extensions of time, or to permit filing of a fourth round of financial information, due to the fact that "it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).[2]

In this case, the Equal Employment Opportunity Commission's Office of Federal Operations issued its decision on May 23, 2007, and it appears that Plaintiff waited until the end of the ninety-day period to file her federal complaint. Plaintiff has been on notice that her in forma pauperis documents were insufficient since on or about October 17, 2007, yet, three months later, she has still failed substantially to comply with the Court's order. The motion for reconsideration is DENIED. Plaintiff is ORDERED, for the final time, to pay the civil filing fee within eleven (11) days of the date of entry of this order. **No further motions for reconsideration will be entertained.** Failure to timely

---

[2]    The Sixth Circuit explained that "[a]n application for IFP status should not permit a litigant an indefinite suspension of time in which to file a complaint; such a result would thwart congressional intent for a shorter limitations period in Title VII cases in which damages such as backpay may be mounting." Id.

comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 30th day of January, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE