IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LUCRETIA DANIEL,

       Plaintiff,

vs.

       No. 07-2554-B/V

JIM NICHOLSON, et al.,

       Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

On August 27, 2007, Plaintiff Lucretia Daniel filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on October 17, 2007 directing Plaintiff, within thirty (30) days, to file a properly completed in forma pauperis affidavit or pay the civil filing fee. (D.E. 3.)  Plaintiff's response was due in the Clerk's office by the close of business on November 19, 2007. On November 20, 2007, the Clerk received an untimely affidavit, which was docketed on that date, that did not substantially comply with the October 17, 2007 order. (D.E. 4.) Therefore, the Court issued an order on November 27, 2007 denying leave to proceed in forma pauperis and directing Plaintiff to pay the civil filing fee within forty-five (45) days. (D.E. 5.) Plaintiff did

not timely pay the civil filing fee. On January 11, 2008, three days prior to the expiration of the time set for compliance, Plaintiff filed a motion for reconsideration. (D.E. 6.) The Court issued an order on January 30, 2008 denying the motion for reconsideration and directing Plaintiff to pay the civil filing fee within eleven (11) days. (D.E. 7.) Plaintiff paid the filing fee on February 8, 2008. (D.E. 8.) The Clerk shall record the defendants as Jim Nicholson, Secretary of the Department of Veterans Affairs;[1] Patricia Pittman, the Director of the Veterans Administration Medical Center ("VAMC") in Memphis, Tennessee; William T. Davis, who is alleged to be a retired Chief of Police at the VAMC; and Robin Aube-Warren, the current Chief of Police at the VAMC.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer

---

[1] Although the complaint names the Department of Veterans Affairs as a defendant, the proper defendant in a Title VII suit by a federal employee is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). In this case, the proper defendant is the Secretary of the Department of Veterans Affairs. The Clerk is directed to terminate the Department of Veterans Affairs as a party to this action.

open to discussion." <u>Apple</u>, 183 F.3d at 478 (citing <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974)).

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). Therefore, the Court DISMISSES the complaint with respect to Defendants Pittman, Davis, and Aube-Warren, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(2), for lack of subject-matter jurisdiction.

Within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff three (3) blank, unsigned summonses for service on Defendant. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendant.

Plaintiff is responsible for ensuring that service is effected on Defendant pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.[2] Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*)(1).

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendant. Plaintiff shall make a certificate of service on every document

---

[2]      Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 15th day of February, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE